IN RE ESTATE OF MURPHY.

(No. 58842—Decided October 13, 1965.)

*Mr. Paul Tobin* for Mr. J. Warren Bettis, Executor.

TOBIN, J.   This matter came on to be heard on the application and petition for construction of the last will of Joseph Murphy, Sr., and on the exceptions filed by the state of Ohio on the court's determination of inheritance tax, on February 18, 1965. The court will state the chronological facts in this case:

Joseph Murphy, Sr.,  died March 3, 1963, leaving no surviving spouse, and being a resident of this county for a greater

portion of his life. The will was filed for probate on March 18, 1963, and duly admitted to probate on March 28, 1963. The will had been executed June 23, 1960, naming J. Warren Bettis as both executor and trustee under the will. Same was executed in the office of Paul Tobin, attorney, with Hillis Conner and Esta Gatrell as witnesses. Letters were duly issued on March 28, 1963, appraisal of the estate was filed in July 1963, which was duly approved, and schedule of debts was filed February 16, 1965.

On January 22, 1965, application was made to construe the will and particularly Item 7, which will be hereinafter referred to. On the application, no one was notified to appear and therefore on May 20, 1965, a petition to construe the will was filed, in which the state of Ohio was notified, particularly the Attorney General's office, since the Charitable Trust Act required that the Attorney General be notified in each and every phase on public or charitable trusts. Hearing on same was held on June 22, 1965.

There are three questions to be determined in the present hearing, although each to be determnied separately: First: Is there a charitable trust? Second: The construction of the will, and particularly Item 7 thereof, which reads as follows: "All the rest and residue of my estate I desire that my executor place in trust to be used for the education and welfare of worthwhile and needy children. My executor shall have the right to determine the amount to be spent upon each child or children for their education and welfare and may, if he desires, appoint a committee to determine said question of need and the manner in which the money is to be spent and used."

The third question is the exceptions of the state of Ohio, Inheritance Tax Division, to the determination of inheritance tax that the charitable trust, if there is a charitable trust, is taxable in that it does not come within Section 5731.09 of the Revised Code, to wit:

"The succession to any property passing to or for the use of the state, or to or for the use of a municipal corporation or other political subdivision thereof for exclusively public purposes, or any public institution of learning or any public hospital not for profit or any established religious organization, within this state, or institution of learning or any public hospital

not for profit or any established religious organization or any community trust or community foundation for purposes only of public charity, within any state of the United States, which does not impose an inheritance, estate, or transfer tax on property given, devised, or bequeathed by a resident thereof to an institution of learning, or any public hospital not for profit or any established religious organization, or any community trust or community foundation for purposes only of public charity within this state, or to or for the use of an institution for purposes only of public charity, *carried on in whole or in substantial part with this state*, or to an institution or organization not for profit whose exclusive purpose is printing and distributing the Bible, or the succession to any property resulting from a testamentary provision for the performance of religious services or rites shall not be subject to Section 5731.02 of the Revised Code." (Emphasis supplied.)

The first question to be determined: Is this a charitable trust? The overwhelming case law in Ohio is to the effect that this is a charitable trust. There is no dispute either through attorney or any party that this does not measure up to the requirements of a charitable trust. I do not think it requires any lengthy dissertation of cases to determine that a valid charitable trust has been created, and the court so finds.

Second: An application to construe the will was filed on January 22, 1965, and finally bolstered by a petition to construe said will, filed on May 20, 1965, on which service was had on all proper persons, for construction of said will, and particularly Item 7 thereof, which reads, "I desire that all monies be placed in trust to be used for the welfare and education of worthwhile and needy children," and gives the executor and trustee, one and the same person, J. Warren Bettis, the right to appoint a committee and question the manner in which the money was to be spent.

The question herein asked: What was the intent of the testator in Item 7 of his will?

Evidence was received on the intent of Joseph Murphy, Sr. The uncontradicted evidence received to aid the court in construing the will indicates the testator resided the last 25 years of his life in Columbiana County exclusively; that J. Warren Bettis had conferences with him within the last three or four

years of his life almost weekly; that his intention, as expressed to J. Warren Bettis, was that the benefits go to children in this county; that his other bequests were to a son and granddaughter who resided in this county; to his housekeeper, Alice Lawton, Wellsville, Ohio, and to the Immaculate Conception Catholic Church of Wellsville, Ohio, both of this county. Therefore all circumstances at the time of the writing of the will, and from the four corners of the will would indicate when Mr. Murphy stated, "be placed in trust for the use and welfare and education of worthwhile and needy children," that his intention was for the children of the community, the only community he knew and had resided in for the last twenty-five years of his life, to wit, those in Columbiana County, Ohio.

No evidence was offered to the contrary and therefore the court finds that it does mean that the bequest "in trust to be used for the education and welfare of needy and worthwhile children" was to those worthwhile and needy children in Columbiana County, Ohio.

The next question is whether the same is taxable. First, the court wishes to state that when a petition for the construction of a will is filed and the will is construed in court, the will therefore becomes the language of the will plus the construction found by the court. The court has found in the instant case that the true intent of the testator was to benefit children of this county. This is the law of the case at this time. The will, therefore, both in the language in the will, coupled with the construction placed upon the same by this court, is to the effect that the trust shall be used for the education and welfare of needy and worthwhile children in *Columbiana County, Ohio.*

The state has offered many authorities of cases, and particularly *In re Estate of Bremer,* 166 Ohio St. 233. The will in that case stated it was for the relief and benefit for the poor and destitute with full and unlimited discretion of the trustees. It further ordered that if the net estate was over $200,000 a Bremer Foundation be founded, and accordingly, a Bremer Foundation was incorporated as a corporation not for profit and its articles of incorporation limited any bequests or purposes principally to the state of Ohio.

The court very specifically found in the *Bremer case* that the matter was taxable and did so on the grounds that the first

institution was not in existence when this will was probated and did not state the charities were restricted to Ohio. The restriction that all charities be in Ohio first appeared in the articles of incorporation of the Bremer Foundation which was incorporated after the estate had nearly progressed to completion. The instant case is different due to the fact that the executor did file a petition for construction of the will, and the court found it was the intention of Mr. Murphy to limit all charities within the County of Columbiana, Ohio, and that this is now the law in this case. The court therefore finds same to be nontaxable. In addition thereto, the trustee was in existence at the time the will was written and at all times thereafter. The difference between this case and the *Bremer case* was at no time in the *Bremer case* was there any petition or application filed to construe the will. Therefore, up until the time the Bremer Foundation was actually founded, there had been no expression or intent made that charities were to be carried on in the state of Ohio. This only came about when the Bremer Foundation was incorporated and was added in the incorporation papers. Since the court has determined that it was the intention of Mr. Murphy that all distributions be carried on in the state of Ohio, in the County of Columbiana, therefore, the court finds it meets the requirements of Section 5731.09, Revised Code, and therefore is not taxable.